1  ALLEN MATKINS LECK GAMBLE
      MALLORY & NATSIS LLP
2  MARSHALL C. WALLACE (BAR NO. 127103)
   KAMRAN JAVANDEL (BAR NO. 272900)
3  Three Embarcadero Center, 12th Floor
   San Francisco, CA  94111-4074
4  Phone:  (415) 837-1515
   Fax:  (415) 837-1516
5  E-Mail:  mwallace@allenmatkins.com
              kjavandel@allenmatkins.com
6
   MARISSA M. DENNIS (BAR NO. 245027)
7  515 South Figueroa Street, Ninth Floor
   Los Angeles, California 90071-3309
8  Phone:  (213) 622-5555
   Fax:  (213) 620-8816
9  E-Mail:  mdennis@allenmatkins.com

10 UBER TECHNOLOGIES, INC.
   KEITH D. YANDELL (BAR NO. 233146)
11 MARTIN D. WHITE (BAR NO. 253476)
   1455 Market Street, 4th Floor
12 San Francisco, CA 94103
   Phone:  (925) 708-7552
13 E-Mail:  yandell@uber.com
              mwhite@uber.com
14
   Attorneys for Defendants
15 UBER TECHNOLOGIES, INC.; RASIER, LLC;
   RASIER-CA, LLC
16
                    UNITED STATES DISTRICT COURT
17
                  NORTHERN DISTRICT OF CALIFORNIA
18

19
   STEWART ROSEN, on Behalf of Himself          Case No. 15-cv-03866-JST
20 and All Others Similarly Situated, and as
   Private Attorney General,                    ASSIGNED FOR ALL PURPOSES TO
21                                               Judge Jon S. Tigar
                 Plaintiffs,
22                                               STIPULATION AND PROTECTIVE
         vs.                                     ORDER
23
   UBER TECHNOLOGIES, INC., a                    Ctrm:  9
24 Delaware corporation; RASIER, LLC, a
   Delaware limited liability company;           Trial Date:  N/A
25 RASIER-CA, LLC, a Delaware limited
   liability company; and DOES 1 to 100,
26 inclusive,

27               Defendants.

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

992644.01/SF

                                        STIPULATION AND PROTECTIVE ORDER

1    Disclosure and discovery activity in this action are likely to involve production of

2 confidential, proprietary, or private information for which special protection from public

3 disclosure and from use for any purpose other than prosecuting this litigation may be

4 warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the

5 following Stipulated Protective Order.  The parties acknowledge that this Order does not

6 confer blanket protections on all disclosures or responses to discovery and that the

7 protection it affords from public disclosure and use extends only to the limited information

8 or items that are entitled to confidential treatment under the applicable legal principles.

9 The parties further acknowledge that this Stipulated Protective Order does not entitle them

10 to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures

11 that must be followed and the standards that will be applied when a party seeks permission

12 from the Court to file material under seal.

13    1.    In this Stipulation and Protective Order, the words set forth below shall have

14 the following meanings:

15         a.    "Proceeding" means the above-entitled action.

16         b.    "Confidential Materials" means any Documents, Testimony or

17 Information as defined below designated as "CONFIDENTIAL" or "CONFIDENTIAL –

18 ATTORNEYS' EYES ONLY" pursuant to the provisions of this Stipulation and Protective

19 Order.

20         c.    "CONFIDENTIAL" means any Documents, Testimony, or

21 Information that the Designating Party believes in good faith qualifies for protection under

22 Federal Rule of Civil Procedure 26(c), and may include confidential technical, sales,

23 marketing, personal, financial, or other commercially sensitive information, whether

24 embodied in physical objects, documents, or the factual knowledge of persons.

25         d.    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

26 Information or Items means extremely sensitive "Confidential Information or Items,"

27 disclosure of which to another Party or Non-Party would create a substantial risk of serious

28 harm that could not be avoided by less restrictive means.

1        e.     "Challenging Party" means any party to this Proceeding or non-party

2 that challenges the designation of Confidential Materials as "CONFIDENTIAL" or

3 "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4        f.     "Designating Party" means any party to this Proceeding and any non-

5 party producing information or material voluntarily or pursuant to a subpoena or a court

6 order that designates materials as "CONFIDENTIAL" or "CONFIDENTIAL –

7 ATTORNEYS' EYES ONLY."

8        g.     "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge,

9 give, or make available materials, or any part thereof, or any information contained

10 therein.

11       h.     "Documents" is defined to be synonymous in meaning and equal in

12 scope to the usage of this term in Fed. R. Civ. P. 34(a) and includes (i) any writing,

13 original, and duplicate, which have been produced in this Proceeding by any person, and

14 (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

15       i.     "Information" means the content of Documents or Testimony,

16 including any information copied or extracted therefrom or otherwise reflecting the content

17 of Documents or Testimony, in any form.

18       j.     "Testimony" means all depositions, declarations or other testimony

19 taken or used in this Proceeding.

20    2.    NO WAIVER.  The entry of this Stipulation and Protective Order does not

21 alter, waive, modify, or abridge any right, privilege or protection otherwise available to

22 any Party with respect to the discovery of matters, including but not limited to any Party's

23 right to assert the attorney-client privilege, the attorney work product doctrine, or any other

24 applicable privilege or privacy right afforded by federal, state, or local law or regulation,

25 or any Party's right to contest any such assertion.

26    3.    SCOPE.  The protections conferred by this Stipulation and Order cover not

27 only Confidential Materials (as defined above), but also (1) any information copied or

28 extracted from Confidential Materials; (2) all copies, excerpts, summaries, or compilations

1  of Confidential Materials; and (3) any testimony, conversations, or presentations by Parties

2  or their Counsel that might reveal Confidential Materials.  However, the protections

3  conferred by this Stipulation and Order do not cover the following information: (a) any

4  information that is in the public domain at the time of disclosure to a Receiving Party or

5  becomes part of the public domain after its disclosure to a Receiving Party as a result of

6  publication not involving a violation of this Order, including becoming part of the public

7  record through trial or otherwise; and (b) any information known to the Receiving Party

8  prior to the disclosure or obtained by the Receiving Party after the disclosure from a source

9  who obtained the information lawfully and under no obligation of confidentiality to the

10  Designating Party.  Any use of Confidential Material at trial shall be governed by a

11  separate agreement or order.

12       4.     DURATION.  Even after final disposition of this litigation, the

13  confidentiality obligations imposed by this Order shall remain in effect until a Designating

14  Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall

15  be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or

16  without prejudice; and (2) final judgment herein after the completion and exhaustion of all

17  appeals, rehearings, remands, trials, or reviews of this action, including the time limits for

18  filing any motions or applications for extension of time pursuant to applicable law.

19       5.     DESIGNATING CONFIDENTIAL MATERIAL.  Any Documents,

20  Testimony or Information to be designated as "CONFIDENTIAL" or "CONFIDENTIAL –

21  ATTORNEYS' EYES ONLY" must be clearly so designated before the Document,

22  Testimony or Information is Disclosed or produced.  The "CONFIDENTIAL" or

23  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation should not obscure or

24  interfere with the legibility of the designated Information.

25       a.     For Documents (apart from transcripts of depositions or other pretrial

26  or trial proceedings), the Designating Party must affix the legend "CONFIDENTIAL" or

27  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page of any Document

28  containing such designated Confidential Material.

1      b.    For Testimony given in depositions, the Designating Party may either:

2      i.    identify on the record, before the close of the deposition, all

3  "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

4  Testimony, by specifying all portions of the Testimony that qualify as

5  "CONFIDENTIAL;" or

6      ii.    designate the entirety of the Testimony at the deposition, or

7  within 21 days from receipt of the final transcript, as "CONFIDENTIAL" or

8  "CONFIDENTIAL – ATTORNEYS' EYES ONLY"  with the right to

9  identify more specific portions of the Testimony as to which protection is

10  sought within 45 days following receipt of the deposition transcript.  In

11  circumstances where portions of the deposition Testimony are designated for

12  protection, the transcript pages containing "CONFIDENTIAL" or

13  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information may be

14  separately bound by the court reporter, who must affix to the top of each

15  page the legend "CONFIDENTIAL" or "CONFIDENTIAL –ATTORNEYS'

16  EYES ONLY," as instructed by the Designating Party.

17      c.    For Information produced in some form other than Documents, and

18  for any other tangible items, including, without limitation, compact discs or DVDs, the

19  Designating Party must affix in a prominent place on the exterior of the container or

20  containers in which the Information or item is stored the legend "CONFIDENTIAL" or

21  "CONFIDENTIAL –ATTORNEYS' EYES ONLY."  If only portions of the Information

22  or item warrant protection, the Designating Party, to the extent practicable, shall identify

23  the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" portions.

24      6.    INADVERTENT FAILURE TO DESIGNATE CONFIDENTIAL AND

25  CONFIDENTIAL – ATTORNEYS' EYES ONLY MATERIALS.  The inadvertent

26  production or disclosure by any Party or non-Parties to the Proceedings of any Document,

27  Testimony or Information in this Proceeding without a "CONFIDENTIAL" or

28  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation, shall be without

1  prejudice to a claim that such item is "CONFIDENTIAL" or "CONFIDENTIAL –

2  ATTORNEYS' EYES ONLY" and such Party shall not be held to have waived any rights

3  by the inadvertent production.  If any Document, Testimony or Information that is subject

4  to a "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

5  designation is inadvertently produced without a designation, the Party that inadvertently

6  produced the document shall give written notice of the inadvertent production within 21

7  days of actual discovery of the inadvertent production, together with a further copy of the

8  subject Document, Testimony or Information designated as "CONFIDENTIAL" or

9  "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Failure to provide the notice within

10  21 days shall not, standing alone, operate as a waiver of an applicable privilege.  Upon

11  receipt of the notice, Receiving Party must make reasonable efforts to assure that the

12  material is treated in accordance with the provisions of the Protective Order.  To the extent

13  possible, the Party that received the inadvertently produced Document, Testimony or

14  Information shall promptly destroy the inadvertently produced Document, Testimony or

15  Information and all copies thereof, or, at the expense of the producing Party, return such

16  together with all copies of such Document, Testimony or Information to counsel for the

17  producing Party and shall retain only the "CONFIDENTIAL" or "CONFIDENTIAL –

18  ATTORNEYS' EYES ONLY" designated materials.  Should the receiving Party choose to

19  destroy such inadvertently produced Document, Testimony or Information, the receiving

20  Party shall notify the producing Party in writing of such destruction within 10 days of

21  receipt of written notice of the inadvertent production.  This provision is not intended to

22  apply to any inadvertent production of any Information protected by attorney-client or

23  work product privileges.  If the Party that received the inadvertently produced Document,

24  Testimony, or Information wishes to challenge the Claim of Privilege (defined below), the

25  Party shall follow the procedure set forth in paragraph 7.

26      7.      INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL.  The

27  inadvertent production or disclosure by any Party or non-Parties to the Proceedings of any

28  Document, Testimony or Information in this Proceeding that is, in whole or in part,

1  protected by the attorney-client privilege or the attorney work product doctrine, or any

2  other applicable legal privilege ("Claim of Privilege"), shall be without prejudice to a

3  claim that such item is protected by such a privilege and such Party shall not be held to

4  have waived any rights by the inadvertent production or disclosure.  If any Document,

5  Testimony or Information that is subject to a Claim of Privilege is inadvertently produced

6  or disclosed, the Party that inadvertently produced the document or information shall give

7  written notice of the inadvertent production or disclosure within 60 days of actual

8  discovery of the inadvertent production or disclosure.  Failure to provide the notice within

9  60 days shall not operate as a waiver of an applicable privilege.  When a Producing Party

10  gives notice that certain inadvertently produced material is subject to a claim of privilege

11  or other protection, the obligations of the receiving parties are those set forth in Federal

12  Rule of Civil Procedure 26(b)(5)(B).  Should the receiving Party choose to destroy the

13  inadvertently produced Document, Testimony or Information, the receiving Party shall

14  notify the producing Party in writing of such destruction within 10 days of receipt of

15  written notice of the inadvertent production.

16      8.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

17          a.      Timing of Challenges.  Any Party or Non-Party may challenge a

18  designation of confidentiality at any time.  Unless a prompt challenge to a Designating

19  Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness,

20  unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party

21  does not waive its right to challenge a confidentiality designation by electing not to mount

22  a challenge promptly after the original designation is disclosed.

23          b.      Meet and Confer.  The Challenging Party shall initiate the dispute

24  resolution process by providing written notice of each designation it is challenging and

25  describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has

26  been made, the written notice must recite that the challenge to confidentiality is being

27  made in accordance with this specific paragraph of the Protective Order.  The parties shall

28  attempt to resolve each challenge in good faith and must begin the process by conferring

1  directly (in voice to voice dialogue; other forms of communication are not sufficient)

2  within 21 days of the date of service of notice.  In conferring, the Challenging Party must

3  explain the basis for its belief that the confidentiality designation was not proper and must

4  give the Designating Party an opportunity to review the designated material, to reconsider

5  the circumstances, and, if no change in designation is offered, to explain the basis for the

6  chosen designation.  A Challenging Party may proceed to the next stage of the challenge

7  process only if it has engaged in this meet and confer process first or establishes that the

8  Designating Party is unwilling to participate in the meet and confer process in a timely

9  manner.

10            c.       Judicial Intervention.  If the Parties cannot resolve a challenge without

11  Court intervention, the Designating Party shall file and serve a motion to retain

12  confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

13  applicable) within 35 days of the initial notice of challenge or within 28 days of the parties

14  agreeing that the meet and confer process will not resolve their dispute, whichever is

15  earlier.  Each such motion must be accompanied by a competent declaration affirming that

16  the movant has complied with the meet and confer requirements imposed in the preceding

17  paragraph.  Failure by the Designating Party to make such a motion including the required

18  declaration within 35 days (or 28 days, if applicable) shall automatically waive the

19  confidentiality designation for each challenged designation.  In addition, the Challenging

20  Party may file a motion challenging a confidentiality designation at any time if there is

21  good cause for doing so, including a challenge to the designation of a deposition transcript

22  or any portions thereof.  Any motion brought pursuant to this provision must be

23  accompanied by a competent declaration affirming that the movant has complied with the

24  meet and confer requirements imposed by the preceding paragraph.  The burden of

25  persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous

26  challenges and those made for an improper purpose (e.g., to harass or impose unnecessary

27  expenses and burdens on other parties) may expose the Challenging Party to sanctions.

28  Unless the Designating Party has waived the confidentiality designation by failing to file a

1    motion to retain confidentiality as described above, all parties shall continue to afford the

2    material in question the level of protection to which it is entitled under the Producing

3    Party's designation until the Court rules on the challenge.

4        9.      The following information is not Confidential Material:

5            a.      Published advertising materials;

6            b.      Any information that is part of the public domain as a result of

7    publication not involving a violation of this Protective Order; and

8            c.      Any information that the receiving Party can show was already

9    publicly known prior to the disclosure;

10           d.      Any documents offered into evidence in any other court or judicial

11    proceeding, unless the documents have been designated confidential under an applicable

12    protective order or filed under seal.

13       10.     ACCESS TO AND USE OF PROTECTED MATERIAL.  Unless otherwise

14    ordered by the court or permitted in writing by the Designating Party, access to and/or

15    Disclosure of Confidential Materials designated as "CONFIDENTIAL" shall be permitted

16    only to the following persons:

17           a.      Trial Counsel for the Parties, their partners and associates, and staff

18    and supporting personnel of such attorneys, such as paralegal assistants, secretarial,

19    stenographic and clerical employees and contractors, and outside copying services, who

20    are working on this Proceeding (or any further proceedings herein) under the direction of

21    such attorneys.  Such employees, assistants, contractors and agents to whom such access is

22    permitted and/or Disclosure is made shall, prior to such access or Disclosure, be advised

23    of, and become subject to, the provisions of this Protective Order.  "Trial Counsel," for

24    purposes of this subparagraph, shall mean outside retained counsel of record and shall not

25    include in-house counsel to the undersigned Parties and the paralegal, clerical and

26    secretarial staff employed by such in-house counsel;

27           b.      The parties to this Proceeding, including each party's officers,

28    directors, managers, and employees (including in-house counsel) who are assisting with or

1  making decisions concerning the Litigation, to the extent deemed reasonably necessary by

2  counsel of record for the purpose of assisting in the prosecution or defense of the

3  Proceeding for use in accordance with this Stipulation and Protective Order;

4          c.     Outside experts or expert consultants (whether or not retained to

5  testify), provided that such expert or consultant is not currently an employee of, or

6  advising or discussing employment with, or a consultant to, a competitor of any party to

7  this Proceeding; jury and trial consulting service providers;  graphics, translation, or design

8  services retained by counsel for purposes of preparing demonstrative or other exhibits for

9  deposition, trial, or other aspects of the Proceedings; and mock jurors consulted by the

10  undersigned Parties or their counsel in connection with the Proceeding; provided, however,

11  that prior to the Disclosure of Confidential Materials to any of the aforementioned persons,

12  counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and

13  Protective Order to such person, shall explain its terms to such person, and shall secure and

14  maintain the signature of such person on a statement in the form attached hereto as Exhibit

15  A prior to the Disclosure of Confidential Materials.  It shall be the obligation of counsel,

16  upon learning of any breach or threatened breach of this Stipulation and Protective Order

17  by any such person, to promptly notify counsel for the Designating Party of such breach or

18  threatened breach;

19          d.     The Court, its personnel and stenographic reporters (under seal or

20  with other suitable precautions determined by the Court);

21          e.     Independent stenographic reporters and videographers retained to

22  record and transcribe testimony in connection with this Proceeding;

23          f.     Any person who authored, received, saw or was otherwise familiar

24  with a document or thing marked "CONFIDENTIAL" or "CONFIDENTIAL –

25  ATTORNEYS' EYES ONLY," including any person otherwise familiar with the

26  Confidential Information contained therein, but only to the extent of that person's prior

27  familiarity with the Confidential Information;

28

1      g.     During his or her testimony at trial or during deposition, any witness

2   if such person is employed by or affiliated with the same entity as a person indicated on

3   the face of a document to be the author, addressee, or a copy recipient of the document;

4   provided, however, that prior to the Disclosure of Confidential Materials to any such

5   witness, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation

6   and Protective Order to such person, shall explain its terms to such person, and shall secure

7   and maintain the signature of such person on a statement in the form attached hereto as

8   Exhibit A prior to the Disclosure of Confidential Materials.  It shall be the obligation of

9   counsel, upon learning of any breach or threatened breach of this Stipulation and

10  Protective Order by any such person, to promptly notify counsel for the Designating Party

11  of such breach or threatened breach;

12      h.     A mediator selected by mutual agreement of the Parties; and

13      i.     To the extent reasonably necessary, any employees or attorneys of any

14  insurance company which is or may be required to defend and/or indemnify any Party in

15  this lawsuit.

16      j.     Confidential Materials designated "CONFIDENTIAL –

17  ATTORNEYS' EYES ONLY" and information contained therein shall be available only

18  to those individuals identified in paragraph 10(a) and (c)-(i), subject to review and signing

19  of the form attached hereto as Exhibit A for those identified in paragraphs 10(c) and 10(g).

20      11.    Confidential Materials shall be used by the persons receiving them only for

21  the purposes of preparing for, conducting, participating in the conduct of, and/or

22  prosecuting and/or defending the Proceeding, and not for any business or other purpose

23  whatsoever.

24      12.    Any Party to the Proceeding (or other person subject to the terms of this

25  Stipulation and Protective Order) may ask the Court, after appropriate notice to the other

26  Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation

27  and Protective Order.  Any party or other person subject to the terms of this Stipulation

28

1    and Protective Order requesting relief from the Court under this paragraph must first meet

2    and confer with the other parties to the proceeding.

3         13.     Entering into, agreeing to, and/or complying with the terms of this

4    Stipulation and Protective Order shall not:

5              a.      operate as an admission by any person that any particular Document,

6    Testimony or Information marked "CONFIDENTIAL" or "CONFIDENTIAL –

7    ATTORNEYS' EYES ONLY" contains or reflects trade secrets, proprietary, confidential

8    or competitively sensitive business, commercial, financial or personal information; or

9              b.      prejudice in any way the right of any Party (or any other person

10   subject to the terms of this Stipulation and Protective Order):

11                    i.      to seek a determination by the Court of whether any particular

12                    Confidential Material should be subject to protection as "CONFIDENTIAL"

13                    or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of

14                    this Stipulation and Protective Order; or

15                    ii.     to seek relief from the Court on appropriate notice to all other

16                    Parties to the Proceeding from any provision(s) of this Stipulation and

17                    Protective Order, either generally or as to any particular Document, Material

18                    or Information.

19        14.     Any Party to the Proceeding who has not executed this Stipulation and

20   Protective Order as of the time it is presented to the Court for signature may thereafter

21   become a Party to this Stipulation and Protective Order by its counsel's signing and dating

22   a copy thereof and filing the same with the Court, and serving copies of such signed and

23   dated copy upon the other Parties to this Stipulation and Protective Order.

24        15.     Any Information that may be produced by a non-Party witness in the

25   Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as

26   "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the

27   terms of this Stipulation and Protective Order, and any such designation by a non-Party

28   shall have the same force and effect, and create the same duties and obligations, as if made

1   by one of the undersigned Parties hereto.  Any such designation shall also function as a

2   consent by such producing Party to the authority of the Court in the Proceeding to resolve

3   and conclusively determine any motion or other application made by any person or Party

4   with respect to such designation, or any other matter otherwise arising under this

5   Stipulation and Protective Order.

6          16.    If any person subject to this Stipulation and Protective Order who has

7   custody of any Confidential Materials receives a subpoena or other process ("Subpoena")

8   from any government or other person or entity demanding production of Confidential

9   Materials, the recipient of the Subpoena shall promptly give notice of the same by

10  electronic mail transmission, followed by either express mail or overnight delivery to

11  counsel of record for the Designating Party, and shall furnish such counsel with a copy of

12  the Subpoena.  Upon receipt of this notice, the Designating Party may, in its sole discretion

13  and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of

14  the Confidential Materials, and/or seek to obtain confidential treatment of such

15  Confidential Materials from the subpoenaing person or entity to the fullest extent available

16  under law.  The recipient of the Subpoena may not produce any Documents, Testimony or

17  Information pursuant to the Subpoena prior to the date specified for production on the

18  Subpoena.

19         17.    Nothing in this Stipulation and Protective Order shall be construed to

20  preclude either Party from asserting in good faith that certain Confidential Materials

21  require additional protection.  The Parties shall meet and confer to agree upon the terms of

22  such additional protection.

23         18.    If, after execution of this Stipulation and Protective Order, any Confidential

24  Materials submitted by a Designating Party under the terms of this Stipulation and

25  Protective Order is Disclosed by a non-Designating Party to any person other than in the

26  manner authorized by this Stipulation and Protective Order, the non-Designating Party

27  responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of

28  such Confidential Materials to the immediate attention of the Designating Party.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

992644.01/SF

STIPULATION AND PROTECTIVE ORDER

-13-

1    19.    This Stipulation and Protective Order is entered into without prejudice to the

2  right of any Party to knowingly waive the applicability of this Stipulation and Protective

3  Order to any Confidential Materials designated by that Party.

4    20.    Where any Confidential Materials, or Information derived from Confidential

5  Materials, is included in any motion or other proceeding the Party shall follow Local Rule

6  79-5.

7    21.    The Parties shall meet and confer regarding the procedures for use of

8  Confidential Materials at trial and shall move the Court for entry of an appropriate order.

9    22.    Nothing in this Stipulation and Protective Order shall affect the admissibility

10  into evidence of Confidential Materials, or abridge the rights of any person to seek judicial

11  review or to pursue other appropriate judicial action with respect to any ruling made by the

12  Court concerning the issue of the status of Protected Material.

13    23.    This Stipulation and Protective Order shall continue to be binding after the

14  conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding,

15  except that a Party may seek the written permission of the Designating Party or may move

16  the Court for relief from the provisions of this Stipulation and Protective Order.  To the

17  extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or

18  reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

19    24.    Upon written request made within thirty (30) days after final disposition of

20  this action, as defined in Paragraph 4, the undersigned Parties shall have thirty (30) days to

21  either (a) promptly return to counsel for each Designating Party all Confidential Materials

22  and all copies thereof (except that counsel for each Party may maintain in its files, in

23  continuing compliance with the terms of this Stipulation and Protective Order, all work

24  product, and one copy of each pleading filed with the Court and one copy of each

25  deposition together with the exhibits marked at the deposition), (b) agree with counsel for

26  the Designating Party upon appropriate methods and certification of destruction or other

27  disposition of such Confidential Materials, or (c) as to any Documents, Testimony or other

28  Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court

1    order regarding proper preservation of such materials.  To the extent permitted by law the

2    Court shall retain continuing jurisdiction to review and rule upon the motion referred to in

3    sub-paragraph (c) herein.

4         25.     After this Stipulation and Protective Order has been signed by counsel for all

5    Parties, it shall be presented to the Court for entry.  Counsel agree to be bound by the terms

6    set forth herein with regard to any Confidential Materials that have been produced before

7    the Court signs this Stipulation and Protective Order.

8         26.     The Parties and all signatories to the Certification attached as Exhibit A

9    agree to be bound by this Stipulation and Protective Order pending its approval and entry

10   by the Court. In the event that the Court modifies this Stipulation and Protective Order, or

11   in the event that the Court enters a different Protective Order, the Parties agree to be bound

12   by this Stipulation and Protective Order until such time as the Court may enter such a

13   different Order.  It is the Parties' intent to be bound by the terms of this Stipulation and

14   Protective Order pending its entry so as to allow for immediate production or disclosure of

15   Confidential Materials under the terms herein.

16        This Stipulation and Protective Order may be executed in counterparts.

17   Dated:  February 21, 2016_____          ALLEN MATKINS LECK GAMBLE
                                                   MALLORY & NATSIS LLP
18

19                                                 By:        /s/ Marshall C. Wallace
                                                   MARSHALL C. WALLACE
20                                                 Attorneys for Defendants
                                                   UBER TECHNOLOGIES, INC.;
21                                                 RASIER, LLC; RASIER-CA, LLC

22
     Dated:  February 20, 2016_____          LAW OFFICES OF HAROLD M. JAFFE
23

24                                                 By:        /s/ Harold M. Jaffe
                                                   HAROLD M. JAFFE
25                                                 Attorneys for Plaintiffs

26   Dated:  February 19, 2016_____          LAW OFFICES OF BRIAN W. NEWCOMB

27                                                 By:        /s/ Brian W. Newcomb
28                                                 BRIAN W. NEWCOMB
                                                   Attorneys for Plaintiffs

# EXHIBIT A

1

## EXHIBIT A — CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

2    I hereby acknowledge that I,_____[NAME],

3    _____ [POSITION AND EMPLOYER], am

4    about to receive Confidential Materials supplied in connection with the Proceeding.  I

5    certify that I understand that the Confidential Materials are provided to me subject to the

6    terms and restrictions of the Stipulation and Protective Order filed in this Proceeding.  I

7    have been given a copy of the Stipulation and Protective Order; I have read it, and I agree

8    to be bound by its terms.

9    I understand that Confidential Materials, as defined in the Stipulation and Protective

10   Order, including any notes or other records that may be made regarding any such

11   materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation

12   and Protective Order.  I will not copy or use, except solely for the purposes of this

13   Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except

14   as provided therein or otherwise ordered by the Court in the Proceeding.

15   I further understand that I am to retain all copies of all Confidential Materials

16   provided to me in the Proceeding in a secure manner, and that all copies of such materials

17   are to remain in my personal custody until termination of my participation in this

18   Proceeding, whereupon the copies of such materials will be returned to counsel who

19   provided me with such materials.

20   I declare under penalty of perjury that the foregoing is true and correct.

21   Dated:                                    BY:

22

23                                             _____
                                               Signature

24                                             _____
                                               Title

25                                             _____
                                               Address

26

27                                             _____
                                               City, State, Zip

28                                             _____
                                               Telephone Number

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

STIPULATION AND PROTECTIVE ORDER

992644.01/SF                          -16-

1

2
## ECF ATTESTATION

3
    I, Marshall C. Wallace, am the ECF user whose ID and password are being used to

4
file this STIPULATION AND PROTECTIVE ORDER. I hereby attest that I received

5
authorization to insert the signatures indicated by a conformed signature (/s/) within this e-

6
filed document.

7
                         By:    /s/ Marshall C. Wallace

8
                               Marshall C. Wallace

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

992644.01/SF

STIPULATION AND PROTECTIVE ORDER

-17-

1   IT IS SO ORDERED:

2

3   Dated: __March 4, 2016_____        _____

4                                          Judge Jon S. Tigar

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

992644.01/SF

STIPULATION AND PROTECTIVE ORDER

-18-